## H. G. WEBER, Collector, *et al.*

*v.*

## THE OHIO AND MISSISSIPPI RAILWAY COMPANY.

*Filed at Mt. Vernon January 22, 1884.*

1. TAXES—*extending back taxes certified by school directors.* In 1875 the county clerk extended taxes that had been required to be levied by the school directors of certain districts, for the years 1864 to 1868, inclusive, on the basis of the valuation of property for those years, respectively. On bill to enjoin the collection of such back taxes, several certificates, purporting to be levies of taxes for school purposes by school directors, were introduced in evidence: *Held,* that they were improperly admitted, without proof that they were ever filed in the proper time, or at any time, in the clerk's office, as required by law.

2. SAME—*extending in succeeding years, when certificate of levy is not filed in time.* Where the certificate of school directors of the sum they require to be extended and levied for the current year is not filed with the county clerk in time to enable him to extend the taxes on the tax books that year, the clerk will have no power or authority of law to extend such levy in any succeeding year, as back taxes, and if he does, its collection may be restrained.

3. SAME—*school taxes—certificate of levy is jurisdictional.* The tax certificate which the school directors are empowered to make by the School law, (section 44,) is the basis of all school taxes. In a sense, such certificates are jurisdictional, and any tax extended for school purposes, where no such certificate has been returned by the directors as required by that section of the statute, is without authority of law, and null and void.

4. EVIDENCE—*entries by county clerk in a book, of substance of certificates of levy of taxes.* Entries made by a county clerk of the legal effect of certificates for the levy and extension of school taxes, on no principle are admissible as evidence of such levies. If such certificates had been copied in such book, it would have been only secondary evidence, and in no event admissible or proper until proof was made of the return of the original certificates, or some of them, as required by statute, and of the loss of the originals.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. AMOS WATTS, Judge, presiding.

Mr. JAMES M. DILL, and Mr. H. H. HORNER, for the plaintiffs in error:

If a tax for any year is prevented from being collected, for any cause, it may be added to the tax on the same property for any subsequent year, in separate columns, designating the year or years. Rev. Stat. chap. 120, sec. 277.

A failure to complete an assessment in the time required by this act shall not vitiate such assessment, but the same shall be as legal and valid as if completed in the time required by law. Rev. Stat. chap. 120, sec. 280.

No assessment of real or personal property, or charge for taxes thereon, shall be considered illegal on account of any informality in making the assessment, or in the tax lists, or on account of the assessments not being made or completed within the time required by law. Rev. Stat. chap. 120, sec. 281. See, also, sec. 191.

There is no pretense that these taxes have ever been paid, or that the property is not liable to taxation. The defendant in error seeks to escape on the merest and sheerest technicalities. *Munson* v. *Minor*, 22 Ill. 595; *Almy* v. *Hunt*, 48 id. 45; Blackwell on Tax Titles, (2d ed.) 163.

Mr. GARLAND POLLARD, for the defendant in error:

A certificate of the school directors showing the rate or amount of the tax required for the ensuing year, is the foundation of the authority of the county clerk for extending a school tax on the collector's books. Gross' Stat. 1869, p. 695, secs. 44, 45; Rev. Stat. 1874, chap. 122.

The proof fails to show that the school directors ever returned to the county clerk any certificates of levy, as the law required. The county clerk testifies that he never saw any. The fact that none of these taxes were extended in either of the years 1864 to 1868 is conclusive evidence that no such certificates of levy were ever filed with the county clerk. Gross' Stat. 1869, sec. 45, chap. 98, p. 696.

There is no statute authorizing a county clerk to review the action of his predecessor in levying a school tax. Here, Mr. Starkel, in 1875, without any certificate or authority from the school directors, or from any body, but of his own motion, proceeded to review the action of Mr. Wick, his predecessor, in levying taxes during his term,—eight and thirteen years before,—and extended these taxes.

Mr. Justice Scott delivered the opinion of the Court:

In the latter part of the year 1870 the county clerk of St. Clair county extended on the tax book of that year, against the Ohio and Mississippi Railway Company, a corporation existing under the laws of this State, on property owned by it, and described as "right of way," taxes, amounting in the aggregate to $3136.50, purporting to be arrearages or back taxes on such property for the years 1864 to 1868, both years inclusive, in favor of the town of Lebanon and certain school districts. On a bill filed for that purpose by the railway company, in the circuit court, the collection of the taxes so extended was perpetually enjoined by the decree of that court. That decree, on the appeal of defendants, was affirmed in the Supreme Court, on the ground the extending of the taxes required to be levied for previous years on the valuation of the property for the year 1870 was illegal, and wholly without authority of law. *Town of Lebanon* v. *Ohio and Mississippi Ry. Co.* 77 Ill. 539.

After the affirmance of the decree in the former suit in the Supreme Court, the county clerk then in office, in the latter part of the year 1875, and before the 30th day of December of that year, entered against the railway corporation, on property described as "railroad track," the sum of $2799.35, purporting to be arrearages or back taxes on such property for the years 1864 to 1868, both years inclusive, in favor of the same school districts that were defendants in the former suit. The sheriff, who was *ex officio* collector of taxes for

that county, had distrained property for the payment of such taxes, and this bill was then filed by the Ohio and Mississippi Railway Company, against the school districts and the sheriff, to restrain the sale of the property seized, and to perpetually enjoin the collection of such taxes. On the hearing the court made the temporary injunction previously awarded, perpetual, and defendants bring the case to this court on error.

That which was done by the county clerk in 1875, after the affirmance by the Supreme Court of the decree in the former suit, was an effort on his part to cure or correct what seems to have been thought was an omission of duty on the part of the former clerk. With that view he extended taxes on the valuation of the property of complainant for the years 1864 to 1868 in favor of the school districts, as was supposed to have been required to be done for school purposes for the several years mentioned. - It will be seen there was really no omission of duty on the part of the former county clerk in respect to the taxes in controversy. It appears from the testimony of the officer who extended these taxes, that he had been clerk since 1873; that he made the extension of these taxes on the basis of the valuation of the property of complainant for each year, as the same was returned to the office of the county clerk; that he extended such taxes on the statements as to the amount of taxes required to be levied for school purposes by the several school districts, for the several years, as recorded in a book kept by his predecessor in office, and that he did not know whether the directors of several districts returned any certificates requiring the levying of any school tax for the respective years mentioned, as the law requires, or not. Bernhard Wick was county clerk of the county of St. Clair from 1861 to 1869, during the time these taxes ought to have been extended on the tax books had any certificates requiring such taxes to be levied been filed in his office by the school directors, as is required to be done by law. In regard to the book used by the county clerk

in extending the present taxes, he states he supposes from the entries being there they were made from assessments, or what purported to have been assessments, each year, by persons who were acting as directors or officers of these school districts, and that these entries were made each year as *soon* as the assessments were furnished by the school officers; but he says: "I have no recollection about the matter only from seeing these books; could not swear from my own knowledge that any certificates of levy were ever returned by school directors to me. I can swear that the papers on which or from which that book was made, if returned to my office at all, were not returned in time for me to compute the taxes for those years and extend the tax on the books for those years, or it would have been done. These school tax levies were sometimes made by Mr. Horner, who was township treasurer for all these school districts. I don't presume there were other papers on file in my office for the years 1867 and 1868 than those made by Horner. I have no personal recollection of any of these missing papers having been filed in my office, only from the entries in the books. I presume the paper dated November 2, 1864, was not filed in my office before that time. If these papers, purporting to be levies of school directors for the different school districts (defendants in this case) had been filed in my office at the time required by law, for the years 1864, 1865, 1866, 1867 and 1868, I certainly would have extended this school tax." A number of certificates, purporting to be levies of taxes for school purposes by school directors, were introduced and read in evidence, over specific objections urged by complainant. One objection taken ought certainly to have been sustained,—that is, there was no proof such certificates were "ever filed in the proper time, or at any time, in the clerk's office, as required by law." The objection might have been still broader. None of these certificates bear any file mark, nor is there any proof discovered in this record that any of them were ever lodged

with the clerk in his office. That being so, it is clear they were not proper evidence. But upon what principle is the book used by the county clerk in extending these taxes proper evidence to be considered? As the testimony is understood these certificates were not transcribed into this book. Only the legal effect of what the clerk thought they contained was stated. But had the certificates been copied into the book, at most it would have been nothing more than secondary evidence, and in no event would it be proper evidence until proof was made the original certificates had been returned to the clerk by the school officers, or some one for them, as required by statute, and that the originals were lost from the files. No such proof was made, and the book was not evidence for any purpose. It is seen, then, there is absolutely nothing that militates with the testimony of the former clerk that no certificates were lodged by the school officers requiring a levy of any tax for school purposes in his office at any time while the assessor's books for the several years mentioned were in his hands, so that he could extend such school tax for any of the years covered by this controversy.

The question then arises, could the county clerk, in any succeeding year, go back and extend a school tax on the valuation for the previous years, and bring it forward and attach it to the taxes of the current year as back taxes due on the property? It is plain that could not be done, for the simple reason no statute has authorized him to do so. The tax certificate which the school directors are empowered to make by section 44 of the School Law, (Rev. Stat. 1874,) is the basis of all school taxes. In a sense such certificates are jurisdictional, and any tax extended for school purposes where no such certificate has been returned by the directors, as required by that section of the statute, is without authority of law, and would be null and void. In the case being considered the clerk went back over a period of eleven years and extended a school tax on the property of complainant

on a valuation made in 1864, when no certificate had been returned by the school officers in that year, while the assessor's books were in the hands of the county clerk, so that he could extend such a tax. The same is true as to the succeeding years up to and including 1868, except the time was shorter. The attention of the court has not been directed to any statute that authorizes that to be done, and it is apprehended none exists. Such a statute, if any existed, might work great hardship. It would necessarily have to be uniform, and applicable alike to persons and corporations. Where real property changes hands as often as it does in this country, if the county clerk could go back and extend taxes for a long series of years against property that might have been subjected to taxation for certain purposes for those years, but was not, it might subject innocent purchasers to very grievous burdens, that could not have been anticipated or ascertained from any examination of the public records, however carefully made.

Section 281 of the Revenue Law (Rev. Stat. 1874,) has no application to a case like the one being considered.

The decree of the circuit court is warranted both by the law and the evidence, and must be affirmed.

*Decree affirmed.*