The St. Louis, Rock Island and Chicago Railroad Co.

*v.*

The People *ex rel.* Kinzie, County Collector.

*Opinion filed December 21, 1898.*

1. Taxes—*limit of tax which may be levied by a board of education.* Under the statute the authority of a board of education to levy a tax for school purposes is limited to two per cent of the last assessed valuation, except where a tax for building purposes is required, in which case the limit is three per cent.

2. Same—*certificate of board constitutes the levy.* The certificate of the board of education constitutes the levy for school taxes, and is the only authority which the clerk has for extending the tax, and unless the certificate shows that the tax is needed for building purposes the clerk cannot extend a tax for more than two per cent of the assessed valuation.

3. Same—*tax for school purposes exceeding two per cent is void.* Any excess over two per cent of the assessed valuation extended by the clerk on a certificate by the board of education levying a tax for "school purposes," merely, is illegal and void.

4. Same—*validity of school tax depends upon the certificate, and not upon the record of the board.* The amendment of the record of a board of education by dividing the total tax required into specific portions for "school taxes" and "building purposes," does not validate a tax in excess of two per cent, extended on a certificate calling for a tax for school purposes only, but such record would be a basis for amending the certificate.

Appeal from the County Court of Mercer county; the Hon. J. H. Connell, Judge, presiding.

Grier & Stewart, for appellant.

James M. Brock, State's Attorney, for appellee.

Mr. Justice Cartwright delivered the opinion of the court:

School district No. 1 in Keithsburg township, Mercer county, is under the control of a board of education, and on July 3, 1897, the president and secretary of said board made and transmitted to the township treasurer the following:

"*Certificate of Levy*—We hereby certify that we require the amount of $7500 to be levied as a special tax for school purposes on the taxable property of our district for the year 1897.

"Given under our hands this 3d day of July, A. D. 1897.

J. S. Allen, *President.*

H. P. Humbert, *Secretary.*

Directors Dist. No. 1, T. 13, R. 5, Mercer County, Ill."

The township treasurer returned this certificate to the county clerk, who filed it August 9, 1897, and extended a tax of $374.85, by virtue of said certificate, against the property of appellant. The tax so extended exceeds two per cent of the assessed valuation of appellant's property by the sum of $133.01. Appellant paid $241.84, being two per cent on the valuation of its property, and on application for judgment objected to the excess as levied and

extended without authority of law. The county court overruled the objection and entered judgment for the tax, with interest, penalties and costs.

The authority of boards of education to levy a tax for educational purposes is limited by statute to two per cent on the valuation ascertained by the last assessment for State and county taxes. They are also authorized to levy a tax for building purposes, and in such case the limit is three per cent; but if they make levies for both objects they are required to make a certificate in the form provided by the statute, stating therein separately the sum required to be levied for school purposes and the sum to be levied for building purposes. (Hurd's Stat. chap. 122, art. 8, secs. 1, 2.) This certificate is the basis of all school taxes. It constitutes the levy and the evidence of it, and any tax not based upon a lawful certificate is null and void. (*Weber* v. *Ohio and Mississippi Railway Co.* 108 Ill. 451; *Lawrence* v. *Traner*, 136 id. 474.) The form of the certificate is mandatory, and if it is for school purposes and fails to state that a tax is required to be levied for building purposes, a levy beyond two per cent will be void. The purpose of the statute is that the amounts required shall be separately specified, so that the county clerk can extend the tax within the limits provided by the law, abating any excess beyond the limitation fixed by the statute. (*Chicago and Alton Railroad Co.* v. *People*, 163 Ill. 616.) The property of appellant could not be taken and sold in satisfaction of the tax in this case unless the provision of the statute was substantially complied with. The certificate filed with the county clerk was for "school purposes" alone, and it did not confer authority upon the county clerk to extend a tax for more than two per cent of the assessed valuation. The tax levy was excessive and the excess which appellant refused to pay was illegal.

At the hearing the People introduced in evidence the record of proceedings by the board of education prelimi-

nary to and directing the levy of a tax. It was proved by a member of the board that on July 3, 1897, when the certificate was made and transmitted to the township treasurer, a meeting was held and a record made corresponding with the certificate  At a subsequent meeting, held August 6, 1897, that entry on the record was erased, and it was so changed as to divide the sum of $7500 into separate sums, as follows: "$5000 for special school tax; $1500 for building purposes; $1000 for payment of bond." The witness said this was done to make the record correspond with the motion originally made, as the board understood it. No change was made in the certificate which had been transmitted to the township treasurer. In *Lawrence* v. *Traner, supra,* it is held that the certificate delivered to the treasurer and filed with the county clerk itself constitutes the levy and is the evidence of the exercise of the taxing power by the board. The validity of any tax does not rest upon the record of the board and is not affected by the want of such record. The only act necessary for the levy of the tax is the making and filing of the certificate. The fact that after the certificate was made the record was so changed that it would have authorized the president and secretary of the board to have made a different certificate and levy could not operate to change the one already made. The change of the record to correspond with the fact, and to correct a mistake made by the secretary in writing it, was proper as a basis for an amendment of the certificate and a new levy; but no amendment or change was made in the levy, and the certificate as filed corresponds with the record as it was when the certificate was made. The only guide to the county clerk was the certificate, and his act in extending the tax under it in excess of the amount authorized by law was unlawful.

The judgment is reversed.      *Judgment reversed.*