DETERMINED IN

# THE SUPREME COURT

OF THE

# STATE OF UTAH

## Continued from Volume 51

LOS ANGELES & S. L. R. CO. v. RICHARDS, County
Treasurer.

No. 3160. Decided April 5, 1918. (172 Pac. 474.)

1. TAXATION—COUNTY TAXES—FORM OF LEVY—GENERAL AND ROAD
   PURPOSES. In view of Comp. Laws 1917, sections 511x22, 511x24,
   511x27, as amended by Laws 1911, c. 119, authorizing expenditure
   of money for construction, maintenance, and repair of county roads,
   a separate levy for county roads, although not authorized by Comp.
   Laws 1907, section 2593, as amended by Laws 1915, c. 111, is not
   invalid, where the total amount levied for general county purposes,
   plus the road tax, did not exceed 3.5 mills, the maximum allowed
   for general purposes in such statute, since there is no form for
   making such tax levy established by law. (Page 3.)

2. STATUTES—TAXATION—CONSTRUCTION. Laws relating to taxation
   should be strictly construed against the taxing power. (Page 5.)

Appeal from District Court of Iron County, Fifth District;
*Hon. Joshua Greenwood*, Judge.

Suit for injunction by the Los Angeles and Salt Lake Rail-
road Company against Morgan Richards, as Treasurer of
Iron County.

Judgment for plaintiff. Defendant appeals.

REVERSED with directions.

*O. A. Murdock* for appellant.

Vol. 52—1

*Dana T. Smith* for respondent.

THURMAN, J.

This is an action to enjoin the collection of a tax alleged to be illegal. The only material question involved relates to the manner of levying the tax by the county commissioners of Iron County, hereinafter called the commissioners.

On the 7th day of August, 1916, the commissioners passed the following resolution:

"Be it resolved by the board of county commissioners of Iron County, state of Utah, convened in regular session of Monday, August 7, 1916, that there be and is hereby levied upon all of the property in Iron County for the year 1916, for the purposes hereinafter set forth, the amounts defined as follows: 4.4 mills on each dollar for state and state school purposes. 5.5 mills on each dollar for county school pupuses. 1.5 mills for general county purposes. 1.3 mills for county road purposes. .2 mills for county indigent purposes, and dependent mothers."

The remainder of the resolution being immaterial is omitted. The language quoted indicates the form adopted in making the levy. The tax thus levied was extended on the assessment roll, and the defendant authorized to collect the same. Plaintiff paid all the taxes thus levied, except the item of 1.3 mills for county road purposes, and refused to pay that on the alleged grounds that the levy as to that was illegal and void. Sale of its property for the payment of the tax being threatened by the defendant, plaintiff commenced this action to enjoin the collection. The facts were stipulated, from which it appears that the only material question involved is the validity of the item of tax which plaintiff refused to pay. The case was tried to the court without a jury. Judgment was rendered for plaintiff. Defendant appeals.

Defendant assigns many errors, none of which need be considered, except the third and fourth, alleging that the court erred in its decision and in rendering judgment for the plaintiff.

Comp. Laws Utah 1907, section 2593, as amended in Sess.

Laws 1915, at pages 192, 193, authorizes the commissioners, when the assessed valuation of property in the county is less than $2,000,000, to levy not exceeding 3.5 mills on the dollar for general county purposes, and not exceeding .7 mills on the dollar for the care, maintenance, and relief of the indigent sick and otherwise dependent poor. Nothing is said in this section concerning county roads. Respondent concedes that money for county road purposes could be taken from the receipts of the levy for general county purposes, but contends that the commissioners have no right to make what respondent calls a special levy for that purpose. This admission by respondent simplifies the issues tendered and renders it unnecessary to expatiate at length upon the scope and meaning of Comp. Laws Utah 1907, sections 511x24, 511x27, and 511x22, as amended in Sess. Laws 1911, at pages 198, 199. These sections undoubtedly authorize the commissioners to expend money for the construction, maintenance, and repair of public roads in the county, and such money can be had alone from revenue arising from taxation. It is therefore, in effect, conceded that the construction, maintenance, and repair of county roads is a county purpose.

But the concrete question at the bottom of this controversy between the parties is: Can the commissioners, in the order making the levy, designate a certain number of mills for general county purposes, and in another item of the levy designate a certain number of mills for county road purposes; the aggregate sum not exceeding the amount the commissioners may levy for general county purposes? In other words, it is conceded that the construction, maintenance, and repair of county roads is a county purpose for which the county commissioners may expend money arising from the levy made for general county purposes, and that the amount of the levy in this case for general county purposes, and the amount levied for county road purposes, in the aggregate, do not exceed the amount the commissioners, under the law, might have levied for general county purposes. The controversy, then, in the last analysis is: Can the commissioners, in making the levy for general county purposes, separate it into two or more items,

designating in each item the particular county purpose for which the levy is made?

Respondent insists such levy is illegal and void as to the item designating the special purpose. ·Appellant resists this contention, and insists that such levy is at most a mere informality, harmless in its effect, and therefore not illegal and void. In this state there is no form for making a tax levy established by law. The limit for which the levy may be made for certain purposes is fixed and established, beyond which the commissioners may not go. As long as they keep within the limit fixed for the purposes named, and no one is substantially prejudiced by the form of the levy, we cannot understand why the levy should be considered void, in whole or in part, simply because it separates the levy into two or more items, one or more of which designates the specific purpose intended. Of course, if the statute of the state provided a specific form for making a levy, even though we might not be able to conceive a good reason therefor, we would in all probability feel bound by the terms of such statute, for we agree with counsel for respondent that laws relating to taxation are generally strictly construed against the authority levying the tax; or if statutes similar to ours had been construed by reputable authority showing that what appellant contends for here is recognized law in other states, such authority would at least have persuasive influence with us in arriving at a determination of the question under review. But, as before stated, we have no form for a levy prescribed by statute, neither have we been cited to any authority which in our judgment supports respondent's contention. Such authorities as have been cited and relied on by respondent will receive brief notice before we conclude this opinion. If the levy in this case had read "2.8 mills for general county purposes," and omitted "county road purposes" altogether, respondent would have had no fault to find with the levy thus made, notwithstanding its taxes would have been exactly the same as under the levy complained of. We do not wish to be understood as commending the form of levy adopted by the commissioners in this case, nor do we intend to prescribe what we may think would

be a proper form. We only suggest that the segregation of general county purposes into two or more items as was done in this case, which was wholly unnecessary in making the levy, led to this litigation and expense without any corresponding benefits, for without such segregation in the levy the commissioners were authorized by law to expend upon the roads such sum as in their judgment the purpose demanded.

The authorities cited by respondent, to the effect that laws relating to taxation should be strictly construed against the taxing power, are acknowledged and approved. We recognize that as the law, and would readily apply it in the present case, if there was anything in the case to which it could be applied. As long as there is no form of levy prescribed by our statutes and the levy is plain, intelligible, capable of being understood, made at the proper time, and does not transcend the limit or purposes prescribed by law, we do not feel authorized to declare the levy void. In addition to authorities relating to a strict construction in this class of cases, respondent calls our attention to the following: *St. Louis, I. R. & C. R. Co.* v. *People ex rel. Kinzie,* 177 Ill. 78, 52 N. E. 364; *Hough* v. *North Adams,* 196 Mass. 290, 82 N. E. 46; *Railroad* v. *Hamblen Co.,* 115 Tenn. 526, 92 S. W. 238; *Sullivan* v. *Yow,* 125 Ga. 326, 54 S. E. 173; *Chicago & A. R. Co.* v. *People,* 155 Ill. 276, 40 N. E. 602; *Com. et al.* v. *United States Fidelity, etc., Co.,* 121 Ky 409, 89 S. W. 251; *Cincinnati, I. & W. R. Co.* v. *People* 213 Ill, 197, 72 N. E. 774; *Wabash R. Co.* v. *People ex rel. Patterson,* 187 Ill. 289, 58 N. E. 254.

It is not necessary to consider these cases in detail. We have carefully examined them and are unable to apply them to the question involved in this appeal. They are generally cases in which the taxing power has clearly exceeded its authority, either as to the amount of the tax or the purpose defined by law. As to such cases, there can be no legitimate controversy. If in the present case the aggregate amount of the levy of the two items referred to had exceeded the limit allowed by law for general county purposes, the levy as to the excess would unquestionably be illegal, or if either item was

for an unauthorized purpose, the levy as to such purpose would be void. But, as we have seen, no such condition is found in the case at bar. Here both the amount and purpose of the tax levied are authorized by law, and were therefore within the power of the commissioners.

There seems to be a dearth of authority concerning the exact question before the court. Appellant, however, cites one case from Nebraska which seems to be in point. *B. & M. R. R. Co.* v. *Co. Commissioners of Lancaster Co.*, 12 Neb. 324, 11. N. W. 322, was an action to enjoin the collection of a tax. The case was referred to a referee, who heard the evidence and reported conclusions of fact and of law to the trial court, which rendered judgment in favor of the commissioners. Plaintiff appealed. In that case the commissioners had power to levy a tax of 10 mills on the dollar for general county purposes, which included support of the poor. In making the levy they designated 7½ mills on the dollar for general county purposes and 2½ mills for "poorhouse fund." The plaintiff objected to the item denominated "poorhouse fund," for the same reasons that plaintiff here objects to the item for "county road purposes." The opinion of the appellate court is very brief. The following excerpt illustrates the views of the court:

"The 'general fund' of a county, as its name implies, is one devoted to a variety of uses, and its expenditure is left mainly to the discretion of the board of county commissioners. The amount which may be raised for this fund the Legislature has wisely restricted; the limitation being, as we have seen, 10 mills on the dollar of taxable property. Now in the performance of the duty of determining the amount that should be raised within this limit, the commissioners must necessarily make an estimate of the probable needs of the county for the current year in the way of legitimate expenditures. Having done this, and the total rate being ascertained, suppose that, in making the levy, instead of grouping the several items under the comprehensive head of 'general fund,' as is usually done, and as the statute above quoted evidently contemplates, they are set forth in detail, giving the amount estimated for each, would the tax therefore be illegal? We think not; so long, at least, as no item is included not proper to be satisfied from the general fund of the county. It would be at most but an informality, in no way invalidating the levy. The ruling of the referee was correct, and was properly sustained by the court."

We heartily indorse the views of the Nebraska court as expressed in the opinion referred to. The contention of respondent in this case is without merit. The judgment is reversed, and the trial court directed to set aside the restraining order issued in the case and dismiss the action. Appellant to recover costs.

FRICK, C. J., and McCARTY, CORFMAN and GIDEON, JJ., concur.