ASSESSORS OF BOSTON *vs.* JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY.

Suffolk.   May 6, 1948. — September 20, 1948.

Present: QUA, C.J., LUMMUS, SPALDING, & WILLIAMS, JJ.

*Taxation*, Real estate tax: assessment. *Mortgage*, Of real estate: taxes, foreclosure. *Bankruptcy*, Corporate reorganization. *Words*, "Possession."

Assessors may rely on the data disclosed by the county or district records in assessing a tax on real estate to one as mortgagee in possession thereof under G. L. (Ter. Ed.) c. 59, § 11, as appearing in St. 1939, c. 175.

A mortgagee of real estate who has made an entry to foreclose and has recorded a certificate thereof in accordance with G. L. (Ter. Ed.) c. 244, §§ 1, 2, is a mortgagee having "possession" of the real estate within c. 59, § 11, as appearing in St. 1939, c. 175.

A real estate tax was validly assessed to one as mortgagee in possession under G. L. (Ter. Ed.) c. 59, § 11, as appearing in St. 1939, c. 175, where the county records disclosed that as of the assessment date he was a mortgagee of the property and was in possession thereof under an entry, made less than three years before, to foreclose in accordance with c. 244, §§ 1, 2, notwithstanding the facts, not disclosed by the county records, that a proceeding for reorganization of the owner-mortgagor of the property under the Chandler act, U. S. C. (1940 ed.) Title 11, c. 10, was pending in the District Court of the United States on the assessment date and that in obedience to an order of court in such proceeding the mortgagee had surrendered his possession of the property previous to that date.

APPEAL from a decision by the Appellate Tax Board.

W. H. Kerr, (S. S. Dennis, Assistant Corporation Counsel, with him,) for assessors of Boston.

G. K. Richardson, (C. W. Cobb, Jr., with him,) for the taxpayer.

QUA, C.J.   The assessors of Boston appeal from a decision of the Appellate Tax Board abating in its entirety a tax for the year 1945 upon the Hotel Buckminster on Beacon Street in that city.   G. L. (Ter. Ed.) c. 58A, § 13, as last amended by St. 1939, c. 366, § 1.   The tax was assessed to John Hancock Mutual Life Insurance Company, hereinafter called the insurance company, as mortgagee in possession, and was abated as having been invalidly assessed.

The parties have agreed upon the facts.   By deed recorded November 1, 1940, Carlton Hotel, Inc., hereinafter called the hotel company, became the owner in fee of the hotel and by deed dated and recorded the same day mortgaged it to the insurance company.   On August 5, 1942, the hotel company filed a petition in the District Court of the United States for reorganization under the Chandler act.   U. S. C. (1940 ed.) Title 11, c. 10.   On August 12, 1942, the insurance company made an open, peaceable, and unopposed entry on the premises for the declared purpose of foreclosing its mortgage for breach of conditions thereof and on the same day recorded a certificate of the entry under G. L. (Ter. Ed.) c. 244, § 2.   On August 18, 1942, the District Court of the United States approved the petition of the hotel company and appointed a trustee, and on August 21 approved the trustee's bond.   On September 16, 1942, that court ordered the insurance company to relinquish its possession of the hotel and to desist from foreclosing its mortgage.   On March 1, 1943, this order was affirmed by the United States Circuit Court of Appeals, John Hancock Mutual Life Ins. Co. v. Casey, 134 Fed. (2d) 162.   See also John Hancock Mutual Life Ins. Co. v. Casey, 139 Fed. (2d) 207.   On May 24, 1943, certiorari was denied by the Supreme Court of the United States, 319 U. S. 757.   The petition for reorganization was still pending on January 1, 1945.   Pursuant to the order of the District Court

of the United States, the insurance company surrendered possession of the hotel at some time prior to January 1, 1945. Prior to that date no notice of the proceedings in the Federal courts and no instrument evidencing the insurance company's surrender of possession was filed in the registry of deeds. At the date of assessment, January 1, 1945, all that appeared in the records of Suffolk County was that the hotel company owned the fee of the hotel; that the insurance company held a mortgage upon it; that the insurance company had entered for the purpose of foreclosure; and that the three years required by G. L. (Ter. Ed.) c. 244, § 1, to complete the foreclosure after recovery of "possession of the land mortgaged" by means of the entry had not expired. Further facts pertinent to certain aspects of the case will be mentioned later.

The statute governing the assessment is G. L. (Ter. Ed.) c. 59, § 11, as appearing in St. 1939, c. 175. In its material parts the section reads as follows: "Taxes on real estate shall be assessed, in the town where it lies, to the person who is the owner on January first, and the person appearing of record, in the records of the county, or of the district, if such county is divided into districts, where the estate lies, as owner on January first, even though deceased, shall be held to be the true owner thereof . . . . Except as provided in the three following sections, mortgagors of real estate shall for the purpose of taxation be deemed the owners until the mortgagee takes possession, after which the mortgagee shall be deemed the owner." The "three following sections" do not affect the present issue.

It is plain beyond doubt that, under the first sentence of this section, where an estate is assessed to an "owner" as distinguished from a mortgagee, the assessors, although not obliged to rely upon the state of the local records, are ordinarily justified in doing so, whatever the actual facts may be outside the records, and even if they know facts which show that the title is not in the person assessed. *Boston* v. *Quincy Market Cold Storage & Warehouse Co.* 312 Mass. 638, 643, 650. The crux of the case is the question whether the words in the first sentence of the section

permitting the assessors to rely upon the state of the local records when assessing an "owner" apply also when, under the last sentence of the section, they are assessing a mortgagee who by that sentence is to "be deemed the owner." While the question is not free from doubt, we are of opinion that these words do apply, and that if the local records disclose a mortgage, and that the mortgagee has taken possession, the assessors may safely assess the mortgagee. If the records are to govern an assessment to the "owner" we see no reason why they should not also govern an assessment to a mortgagee who for the purpose of the section must "be deemed the owner."

The history of this section is examined in *Boston* v. *Quincy Market Cold Storage & Warehouse Co.* 312 Mass. 638. That history seems to us to show a tendency toward greater and greater simplicity and certainty in assessments. Moreover, it is not without some significance that the very statute which first made the records conclusive for any purpose, St. 1881, c. 304, § 3, dealt almost entirely with mortgagees who were to be deemed owners.

In the present case the records designated by the statute showed that the insurance company was a mortgagee who had taken "possession" to foreclose in the manner expressly provided in G. L. (Ter. Ed.) c. 244, §§ 1 and 2. Such possession so taken seems to us to be comprehended in the word "possession" as used in the last sentence of G. L. (Ter. Ed.) c. 59, § 11, as amended. In this way the two statutes complement each other. There was nothing whatever on the county records to qualify the decisive facts that the insurance company was a mortgagee and that it had taken possession. An informal list of bankruptcies voluntarily kept in the registry office by the index commissioners and not by the register would not have been part of the records of the county to which the statute refers, even if it had contained any material information. In our opinion the assessment was valid.

The board in coming to the opposite conclusion relied in part upon *Hough* v. *North Adams*, 196 Mass. 290, where this court held that an assessment on the property of one

who had previously been adjudicated bankrupt and for whose estate a trustee had been appointed was invalid, since the bankrupt had ceased to be the owner before the assessment. But in that case there was a record in the local registry of the bankruptcy and of the appointment of the trustee. It is true that the court repeated the often quoted statement of Mr. Justice, Swayne in *Bank* v. *Sherman*, 101 U. S. 403, 406, that the filing of the petition was "a caveat to all the world" and "in effect an attachment and injunction." Of course we have no quarrel with this statement in any case to which it is properly applicable. But in the case before us the question is not one of notice in the ordinary sense. The question is one of the validity of the assessment. We assume that the property was in custodia legis from the filing of the petition in the District Court of the United States; but we do not understand that that fact rendered it nontaxable. *Swarts* v. *Hammer*, 194 U. S. 441. *Dayton* v. *Treasurer of Pueblo County*, 241 U. S. 588. If the property is taxable, it must be assessable according to State statutes, and if those statutes permit assessment according to the state of certain specified records, as in this case we think they do, and if the state of those records warrants the assessment, as in this case we think it does, the assessment must be valid. *Witherspoon* v. *Duncan*, 4 Wall. 210, 217. We do not doubt the correctness of the result in *Hough* v. *North Adams*, but we think it must rest upon the fact that the bankruptcy proceedings had been spread upon the local records and not upon any effect those proceedings had in themselves as notice to all the world. [1] The cases of *Davis* v. *Boston*, 129 Mass. 377, and *Tucker* v. *Deshon*, 129 Mass. 559, 566–567, were both decided before the enactment of St. 1881, c. 304, § 3, which for the first time made the record title a final test of ownership for purposes of assessment. See *Boston* v. *Quincy Market Cold Storage & Warehouse Co.* 312 Mass. 638, 642–643.

---

[1] It may be significant that *Hough* v. *North Adams* was decided in 1907; that the definition of "records" as those of the county or district, first inserted by St. 1889, c. 84, was omitted from the Revised Laws of 1902, c. 12, § 15, and reinserted by a separate act, St. 1902, c. 113, § 1; and that none of these statutes is mentioned in the opinion.

It has not been argued and could not successfully be argued that the assessment should be abated because part of the hotel had been leased to Yankee Network, Inc., or because the United States had acquired a term in the rest of the building by eminent domain proceedings in the District Court of the United States. The tax was not assessed against the United States. The value of the term acquired by the United States was agreed to be "merely nominal," since the United States was paying all that its occupation was worth. In substance the assessment was upon the value of the interest of private owners. It is agreed, in effect, that this interest was not overvalued, and no basis appears for an abatement.

<em>Petition for abatement dismissed.</em>