ARTHUR A. CAFARELLA & another *vs.* ALBERT RIZZO
& another.

Suffolk.   January 5, 1968. — April 1, 1968.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & REARDON, JJ.

*Lis Pendens.   Notice.   Real Property,* Registered land: lis pendens.

Where a lis pendens was duly filed and registered under G. L. c. 185,
§ 86; c. 184, § 15, against registered land of the defendant in a suit
in equity and was noted on the transfer certificate of title of grantees
to whom the defendant subsequently conveyed the land, but a final
decree in the suit favorable to the plaintiffs therein was not registered
within sixty days after its entry as provided in § 86, the grantees were
entitled to have the notation of the lis pendens on their certificate
cancelled.

PETITION filed in the Land Court on May 6, 1965.

The case was heard by *Silverio,* J.

*James W. Kelleher & George Gruzen,* for the respondents,
submitted a brief.

No argument or brief for the petitioners.

REARDON, J.   The respondents, Albert and Frances Rizzo,
appeal from a decision of the Land Court ordering that a
memorandum of notice of a proceeding be cancelled from
the petitioners' transfer certificate of title of land in Revere.

The petitioners on November 4, 1964, acquired the land
from G. Ciardiello & Sons, Inc., a Massachusetts corpora-
tion, against which the Rizzos had brought a bill in equity
on July 1, 1964, filing a lis pendens notice in the Land Court
which described the bill as one to enjoin the corporation
from throwing water and debris on the Rizzo land.   A final
decree in the equity suit, entered February 10, 1965, en-
joined the corporation, its agents and assigns "from suffer-
ing or permitting any broken stone, rocks, dirt, loam or
other material placed on its lots to escape or to be deposited,
spread or washed on to the land of the . . . [Rizzos]."
There is no evidence that any appeal was taken from this

decree. The decree was not registered within sixty days of its rendition.

General Laws c. 185, § 86, provides: "No writ of entry, petition for partition, or other proceeding at law or in equity affecting the title to land or the use and occupation thereof or the buildings thereon, and no judgment or decree, or any writ of error, bill of review or other proceeding to vacate or reverse any judgment or decree, shall have any effect upon registered land as against persons other than the parties thereto, unless a memorandum like that described in section fifteen of chapter one hundred and eighty-four, containing also a reference to the number of the certificate of title of the land affected and the volume and page of the registration book in which it is entered, is filed and registered. This section shall not apply to attachments, levies of execution, or to the probate of wills or administration in the probate court. If notice of the pendency of the proceeding has been duly registered, it shall be sufficient to register the judgment or decree within sixty days after the rendition thereof."

General Laws c. 184, § 15, makes provision for the filing of a lis pendens which was complied with by the Rizzos in their suit against the corporation. At common law the effect of lis pendens ended with the termination of the suit. *Steele* v. *Estabrook*, 236 Mass. 252, 254. Patton on Titles (2d ed.) § 580. Tiffany, Real Property (3d ed.) § 1296. At most, G. L. c. 185, § 86, extends the effect of lis pendens in certain cases sixty days beyond entry of the final decree. More than sixty days having passed, no reason exists why the memorandum of notice should remain on the certificate and adversely affect the marketability of the petitioners' land. It follows that the Land Court acted properly under G. L. c. 185, § 114, in ordering cancellation of the memorandum from the petitioners' certificate of title.

*Decision affirmed.*