In re COLETTA BROS. OF NORTH QUINCY, INC., Debtor.

Stephen S. GRAY, Trustee, Plaintiff,

v.

George G. BURKE, Defendant.

Bankruptcy Adv. No. A94–1063, No. 93–17356–CJK.

United States Bankruptcy Court, D. Massachusetts.

Sept. 16, 1994.

Andrew D. Cummings, Boston, MA, for plaintiff.

David E. Cunningham, Quincy, MA, for defendant.

### MEMORANDUM OF DECISION AND ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT

CAROL J. KENNER, Bankruptcy Judge.

The principal issue presented by these motions is whether, under Massachusetts law, G.L. c. 184, § 17, a Chapter 7 Trustee is bound by a prepetition judgment against the Debtor to partition by sale certain real property of which the Debtor is a co-owner, where the other co-owner recorded a notice of the partition action but not the judgment, the judgment entered more than sixty days before the Debtor filed his bankruptcy petition, and the Trustee invokes his rights under 11 U.S.C. § 544(a)(3) as a bona fide purchaser of real property. The Court concludes that the Trustee is not bound by the judgment.

The adversary proceeding arises on the following undisputed facts. In 1971, Defen-dant George G. Burke and the Debtor, Coletta Bros. of North Quincy, Inc., together acquired, as tenants-in-common, the real property located at 260–270 Hancock Street, Quincy, Massachusetts. Each owned an undivided one-half interest in the property. In March, 1990, after years of strained relations between the co-owners, the Defendant filed a petition in the Massachusetts Probate and Family Court to partition the property by sale. As required by state law,[1] he contemporaneously filed a notice of the petition in the appropriate registry of deeds. During the trial of the partition action, the parties entered into an Agreement for Judgment ("the Agreement"), pursuant to which judgment entered on June 4, 1992, ordering the parties to comply with the Agreement. In brief, the Agreement provided that a commissioner would sell the property for not less than $400,000.00; and, from the net proceeds of the sale,[2] the Defendant would receive $250,000 and the Debtor the remainder. Neither the judgment nor the Agreement had been recorded when, on August 13, 1993, the Debtor filed its petition under Chapter 11 of the Bankruptcy Code. The case was converted to one under Chapter 7 of the Bankruptcy Code on September 29, 1993, and Plaintiff Stephen S. Gray has been appointed Chapter 7 Trustee. The property has not been sold, but the Trustee has received an offer from Delops, Inc., to purchase the property for $430,000. Also, the Defendant has made an offer to the commissioner to purchase the property for the minimum price, $400,000, which the commissioner has accepted.[3] The Defendant also has an agreement with D'Angelo, Inc.[4] (contingent on the Defendant's ability to consummate his purchase and sale agreement with the commissioner) under which D'Angelo would lease the property from the Defendant, and D'Angelo

---

1. In Massachusetts, the partitioning of land is governed by G.L. c. 241, § 1 et seq. The notice requirement is set forth in G.L. c. 241, § 7.

2. The Agreement used the term "net proceeds" but did not define it.

3. The parties disagree as to whether the agreement between the Defendant and the Commis-sioner satisfies the statute of frauds and whether it is enforceable.

4. Although the names differ, the parties appear to agree that D'Angelo, Inc. is the same entity as Delops, Inc., which has offered to purchase the property from the Trustee. Neither party has explained to the Court how it is that this entity has two names.

would have the option to buy the property for $650,000.

By his complaint in this adversary proceeding, the Chapter 7 Trustee seeks the following relief:

(1) a declaration that because the judgment was not recorded, it created no lien on the property and does not otherwise bind the Trustee;

(2) authority pursuant to 11 U.S.C. § 363(h) to sell both the estate's *and the Defendant's* interests in the property; and

(3) authority pursuant to 11 U.S.C. § 363(j) to apply the proceeds of the sale in satisfaction of all real estate taxes and sales expenses and to divide the remainder ("the net proceeds") equally between the estate and the Defendant.

The Defendant asks that the complaint be dismissed in its entirety. The Defendant has also filed two counterclaims: one for tortious interference by the Trustee with certain unspecified business and contractual relations between the Defendant and "D'Angelo, Inc. and/or Delops, Inc."; the other for damages caused by the Trustee's control of the property and by his delay in selling it.

The adversary proceeding is before the Court on the parties' cross motions for summary judgment, both of which address only the complaint, not the counterclaims. The complaint presents three issues:

(1) whether the Trustee is bound by the Probate Court judgment; if not,

(2) whether the Trustee should be authorized under 11 U.S.C. § 363(h) to sell both the estate's and the Defendant's interests in the property; and, if so,

(3) whether the proceeds should be applied first to real estate taxes and various costs of sale and the remainder divided equally between the parties.

5. *Defendant's Memorandum in Support of Motion for Summary Judgment*, p. 5. The Defendant has not identified these documents or indicated their contents; nor has he submitted the documents or evidence of them into evidence.

## 1. *PROBATE COURT JUDGMENT*

### *Arguments*

The Trustee's first count seeks a determination that he is not bound by the Probate Court judgment. The Trustee argues, in short, that under 11 U.S.C. § 544(a)(3), he has, as of the commencement of the case, the rights and powers of a bona fide purchaser of real property that has perfected its interest in the property as of the commencement of the case. And under applicable state law, G.L. c. 184, § 17, a judgment affecting title to real property has no effect against such a bona fide purchaser unless it is recorded. Therefore, by virtue of the failure of the Defendant to record the judgment before the commencement of the bankruptcy case, the judgment does not bind the Trustee.

The Defendant makes several counterarguments. First, he suggests (without elaboration) that G.L. c. 184, § 17 does not apply to partition actions. Second, he argues that the notice he filed of his petition to partition the property gave subsequent purchasers inquiry notice, and even constructive notice, of the partition action such that the judgment rendered therein was binding on any subsequent purchaser and, therefore, on the Trustee. Third, he contends that the Trustee had actual notice of the judgment by virtue of "the documents filed in the Debtor's Chapter 13 [sic] bankruptcy petition."[5] Fourth, he argues that where the Debtor's interest in the property has passed to the Trustee, the Trustee gained only such interest as the Debtor possessed, namely the interest set forth in the judgment. And fifth, he argues that the bankruptcy court is bound by the doctrine of *res judicata* to give effect to the prior judgment.[6]

### *Discussion*

The facts recited in the first paragraph of this memorandum are not in dispute and permit resolution of this first count by motion for summary judgment. With respect to these issues, there are no genuine issues of

6. I reject this argument. Where it applies, the statute (G.L. c. 184, § 17) overrides and limits the common law doctrine of *res judicata*.

material fact, only issues of law. The issues of law fall into two categories. The Court must first look to the Bankruptcy Code to determine the capacity in which the Trustee holds the property—whether the Trustee stands in the shoes of the Debtor, as the Defendant contends, or of a bona fide purchaser from the Debtor, as the Trustee contends. Then the Court must look to Massachusetts law to determine the effect of the judgment on one holding the property as the Trustee does.

Under § 541(a)(1) of the Bankruptcy Code, upon the commencement of a bankruptcy case, all legal or equitable interests of the Debtor in property as of the commencement of the case become property of the bankruptcy estate. 11 U.S.C. § 541(a)(1). Under this particular subsection, the estate acquires no greater legal or equitable interest in the property than the Debtor had at the commencement of the case. 11 U.S.C. § 541(d). Therefore, if the estate's rights were limited to those acquired through § 541(a)(1), the Trustee, as representative of the estate, would indeed stand in the shoes of the Debtor and have no greater rights in the assets than did the Debtor upon the commencement of the case, as the Defendant maintains.

But the estate has broader rights in property than those set forth on § 541(a)(1). By virtue of § 541(a)(3) and (4),[7] the estate also includes any interest in property that the Trustee recovers or preserves for the benefit of the estate under §§ 550 and 551 of the Bankruptcy Code,[8] including property recovered by exercise of the Trustee's "strongarm" powers under § 544(a)(3).

■ Section 544(a)(3)· provides:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a)(3). Pursuant to this section, the Trustee holds the assets of the estate not as the Debtor held them but with the rights and powers of a hypothetical bona fide purchaser who acquired those assets from the Debtor. Moreover, the Trustee enjoys these rights and powers "without regard to any knowledge of the trustee or of any creditor." Therefore, it is irrelevant that the Trustee or any creditor may have had actual notice of the judgment or the partition action, either by virtue of documents filed in this bankruptcy case or otherwise. The Trustee is deemed to be a bona fide purchaser regardless of any actual notice he or any creditor may have had.

■ Although the Bankruptcy Code prescribes that the Trustee shall enjoy the rights and powers of a bona fide purchaser, those rights and powers themselves are defined by state law, in this case the law of Massachusetts. *Butner v. United States,* 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979); *In re Ryan,* 80 B.R. 264, 266 (D.Mass.1987),

---

**7.** Under these provisions, the estate is deemed to include

> (3) [a]ny interest in property that the trustee recovers under section 329(b), 363(n), 543, 550, 553, or 723 or this title; [and]
> (4) [a]ny interest in property preserved for the benefit of or ordered transferred to the estate under section 510(c) or 551 of this title.

11 U.S.C. § 541(a)(3) and (4).

**8.** In relevant part, § 550 states:

> (a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544 ... of this title, the trustee

may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—
> (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or
> (2) any immediate or mediate transferee of such initial transferee.

11 U.S.C. § 550(a). And § 551 states:
> Any transfer avoided under section 522, 544, 545, 547, 548, 549, or 724(a) of this title, or any lien void under section 506(d) of this title, is preserved for the benefit of the estate but only with respect to property of the estate.

11 U.S.C. § 551.

*aff'd,* 851 F.2d 502 (1st Cir.1988) (the rights and powers of a bona fide purchaser of real property are determined by the law of the state where the property is located). The Trustee contends that the dispositive provision of Massachusetts law is G.L. c. 184, § 17:

> A judgment or decree, at law or in equity, rendered after June eighth, eighteen hundred and ninety-two, affecting the title to real property, shall not have any effect except against the parties thereto, their heirs and devisees and persons having actual notice thereof, unless a certified copy of the record thereof has been recorded in the registry of deeds for the county or district where the land lies, with a memorandum of the town where the land lies and a description thereof sufficiently accurate for identification if the record of the judgment or decree does not give those particulars. If a notice of the pendency of the action has been duly recorded in the registry of deeds, the record of the judgment or decree may be made within sixty days after its rendition, and the entry of an ordinary attachment of real property in the registry of deeds shall be considered notice of the pendency of the action.

G.L. c. 184, § 17.

■ The Court agrees that this statute is applicable and dispositive. The Probate Court judgment is a judgment; it was issued after June 8, 1892; and, plainly, it affects title to real property. Therefore, the statute applies. It states that an unrecorded judgment shall not have any effect except as to certain parties: the parties thereto, their heirs and devisees, and persons having actual notice. None of the exceptions applies: the Debtor was a party to the judgment, but the Trustee is deemed to be a bona fide purchaser and as such does not stand in the shoes of the Debtor; the Trustee is not an heir or devisee; and, by operation of 11 U.S.C. § 544(a)(3), the Trustee enjoys the status of a *hypothetical* bona fide purchaser and, as such, is deemed not to have had actual knowledge of the judgment or the partition action (regardless of whether he in fact ever had such knowledge).[9]

9. In any case, no evidence of actual knowledge

The Defendant argues that, despite his failure to record the judgment, the judgment would nonetheless be binding on a bona fide purchaser, and therefore should bind the Trustee, because he (the Defendant) recorded a notice of his petition to partition the property by sale. The Court disagrees. The notice of the partition action might have operated as notice of the judgment in either of two ways, neither of which is effective in this case.

The first is by giving actual notice of the partition action, which would cause a reasonable person to inquire about the outcome of the action. This type of notice, known as inquiry notice, is a species of actual notice: actual notice not of the judgment itself but of facts that would lead one to the judgment. By virtue of 11 U.S.C. § 544(a)(3), however, the Trustee is deemed to be a bona fide purchaser regardless of any knowledge he may have had. Therefore, as inquiry notice, the recorded notice is ineffective against the Trustee.

■ The second way in which the partition action might have constituted notice to the Trustee is by constructive notice: notice that a party is deemed to have had as a matter of law, regardless of that party's actual knowledge, by virtue of the notice's having been properly recorded. Because it is imputed by operation of law and is not dependent on actual knowledge, constructive notice *is* effective against the Trustee. However, as a creature of law, constructive notice is effective only to the extent and under the circumstances prescribed by law. In this instance, the statute, G.L. c. 184, § 17, permits a duly recorded notice of action to operate as constructive notice of the judgment, but only for sixty days after entry of the judgment. It states:

> If a notice of the pendency of the action has been duly recorded in the registry of deeds, the record of the judgment or decree may be made within sixty days after its rendition.

G.L. c. 184, § 17 (second sentence). See *Cafarella v. Rizzo,* 354 Mass. 92, 92, 235

has been submitted.

N.E.2d 786 (1968) (construing a parallel provision for registered land as extending the effect of a lis pendens for at most sixty days after entry of a final decree). Sixty days after entry of the judgment, the notice of action ceased to operate as constructive notice of the judgment. By operation of § 544(a)(3), the Trustee is deemed to have acquired the status of a bona fide purchaser as of the commencement of the bankruptcy case, which occurred fourteen months after entry of judgment. Therefore, at the relevant time, the constructive notice had long been ineffective. The Court concludes that the judgment has no effect against the Trustee.

### 2. AUTHORITY TO SELL DEFENDANT'S INTEREST

The Trustee seeks authority under § 363(h) of the Bankruptcy Code to sell both the estate's interest and the Defendant's interest in the property. Section 363(h) states:

> Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if—
>
> (1) partition in kind of such property among the estate and such co-owners is impracticable;
>
> (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interest of such co-owners;
>
> (3) the benefit to the estate of a sale of such property free of the interests of such co-owners outweighs the detriment, if any, to such co-owners; and
>
> (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

11 U.S.C. § 363(h). The Defendant states that the Trustee should be denied authority to sell the Defendant's interest in the property under this section because, as of the commencement of the case, the Debtor no longer held "an undivided interest as a tenant in common," as the statute requires, and because the detriment to the Defendant would exceed the benefit to the estate. The Defendant admits in his Answer that § 363(h)(4) is satisfied but denies the remaining requirements of § 363(h). Therefore, this portion of the complaint presents four issues: whether the Debtor held an undivided interest as a tenant in common as of the commencement of the case, and whether each of parts (1), (2), and (3) of § 363(h) is satisfied.

#### a. Undivided Interests

The first issue is whether, as of the commencement of the case, the Debtor held an undivided interest as a tenant in common. The Defendant argues that the co-owners' interests were divided as of the commencement of the case because judgment had entered directing that the property be sold and that the proceeds be apportioned as agreed. The Trustee does not respond to this argument. The Court concludes that for purposes of § 363(h), the co-owners' interests should not be deemed to have been divided because, as of the commencement of the case, the property had not been sold. The parties' respective interests still attached to the undivided property. Therefore, although an order to partition the property by sale had entered, the partition itself had not yet been accomplished. The Court concludes that there is no genuine issue of material fact on this issue and that, for purposes of § 363(h), the co-owners' interests in the property were undivided as of the commencement of the case.

#### b. Impracticability of Partition in Kind

The next issue is whether "partition in kind of such property among the estate and such co-owners is impracticable,". as required by § 363(h)(1). The Trustee has submitted no evidence on this issue.[10] In his answer to

---

**10.** The Trustee contends that the Court may take judicial notice of the Probate Judgment as evidence of the impracticability of partition by division of the property, because such impracticability was a necessary element of the Defendant's petition for partition. The Court disagrees. The

the complaint, the Defendant denies the Trustee's allegation that this requirement is satisfied; however, the Defendant does not address this issue in his briefs on the present motions, and, in view of his Petition for Partition by Sale, it is doubtful that he prefers division in kind. Nonetheless, the lack of evidence requires that the Court deny the Trustee's motion for summary judgment with respect to this issue.

#### c. *Section 363(h)(2)*

The Trustee must show that sale of the estate's undivided interest in the property would realize significantly less for the estate than sale of the property free of the interest of the Defendant. 11 U.S.C. § 363(h)(2). The Trustee has submitted no evidence on this issue, so his motion for summary judgment must be denied with respect to this issue. (The Defendant's motion does not address this issue.)

#### d. *Section 363(h)(3)*

The Trustee must also show that the benefit to the estate of a sale of the property free of the interests of the Defendant outweighs the detriment, if any, to the Defendant. 11 U.S.C. § 363(h)(3). Although the Plaintiff bears the ultimate burden of proof on this issue, the Plaintiff's initial burden is only to show that sale of the property free of the Defendant's interest would produce a benefit to the estate: that the estate's share of the net proceeds would exceed existing liens on the Debtor's interest in the property. If the Defendant then shows that such a sale would produce a detriment to him, the Trustee must show that the benefit to the estate is greater than the detriment to the Defendant.

The Trustee's motion for summary judgment must be denied with respect to this issue for lack of evidence as to benefit to the estate. The Trustee's Sales Comparison

Schedule is only a chalk, not evidence, and its numbers are not supported by evidence. Only the sales price is in evidence. The costs of sale are not. And the rather significant tax lien of the Department of Revenue appears nowhere in the Trustee's calculations.[11]

With respect to the Defendant's motion, the Defendant argues that sale of the property free of his interest would be detrimental to him because he would thus lose the benefit of the probate judgment (and the distribution it contemplates) and the profits he expects from his agreements to purchase the property from the commissioner and to lease and resell it to D'Angelo. The Court does not recognize either of these losses as a detriment within the meaning of § 363(h)(3). Both were contingent on the enforceability of the judgment against the Trustee. But, as the Court determined above, the judgment is not enforceable against the Trustee, and it will not be so *regardless* of whether the Trustee is allowed to sell pursuant to § 363(h).[12] Therefore, the Court must deny the Defendant's motion for summary judgment with respect to this issue.

### 3. *DIVISION OF PROCEEDS*

The Probate Judgment, being ineffective against the Trustee, will have no bearing on the division of the sale proceeds. The division of proceeds, and the allocation of liens and of the costs of sale as between the parties, are matters of state property law, which the parties have not briefed. Therefore, the Court will not address these issues at this time, and will deny both parties' motions for summary judgment as to this issue.

### *ORDER*

For the reasons set forth above, the Motion of the Defendant for Summary Judg-

---

Probate Court did not actually rule on the merits of the partition action. The judgment entered pursuant to an agreement for judgment, which may have been structured as it was for reasons other than impracticability.

**11.** It is not clear to the Court whether this lien attaches only to the Defendant's interest in the property or to the property as a whole.

**12.** A sale pursuant to the judgment is not an alternative to a sale pursuant to § 363(h). The Trustee is now the real party in interest, and the judgment is ineffective against him. If the parties do not partition the property pursuant to a Trustee's sale, they may need to return to the Probate Court for a new partition proceeding.

ment is hereby DENIED, and the Motion of the Chapter 7 Trustee for Summary Judgment is hereby ALLOWED IN PART AND DENIED IN PART as follows. The motion is allowed insofar as it requests determinations that the Judgment of the Probate and Family Court in the partition action between the Debtor and the Defendant is ineffective against the Trustee, and that, for purposes of § 363(h), the co-owners' interests in the property were undivided as of the commencement of the case. Such matters shall be deemed established. In all other respects, the motion is denied.