In re Roland L. BEAULAC, Debtor.

Tali A. Tomsic, Chapter
7 Trustee, Plaintiff,

v.

Rose A. Beaulac, Roland L.
Beaulac, Defendants.

Bankruptcy No. 99–40131–HJB.
Adversary No. 02–4485–HJB.

United States Bankruptcy Court,
D. Massachusetts.

Aug. 29, 2003.

Jason Rosenberg, Law Offices of Jason Rosenberg, North Andover, MA, for Tali A. Tomsic.

Kevin W. Sullivan, Webster, MA, for Rose A. Beaulac.

Steven A. Kressler, Worcester, MA, for Roland L. Beaulac.

## *MEMORANDUM OF DECISION*

HENRY J. BOROFF, Bankruptcy Judge.

Before the Court is a Motion for Summary Judgment filed by the Plaintiff, Tali A. Tomsic, as Chapter 7 trustee (the "Trustee") of Roland A. Beaulac (the "Debtor"), the Debtor and co-defendant. The Trustee's complaint seeks a declaratory judgment that a certain mortgage on a parcel of commercial real property located in Webster, MA (the "Property"), granted to the Debtor in 1998 (the "1998 Mortgage") as mortgagee, is free and clear of any interest asserted by the co-defendant, Rose Beaulac (jointly with the Debtor, the "Defendants"). For the reasons set forth below, the Court grants summary judgment for the Trustee and holds that the bankruptcy estate is the owner of the 1998 Mortgage free and clear of any interests asserted by Rose Beaulac.

### I. *STANDARD FOR SUMMARY JUDGMENT*

The Court may enter summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); Fed. R. Bank. P. 7056. "Summary judgment's role is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial," or whether the evidence is so one sided that one party must prevail as a matter of law. *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st

Cir.1990); *Petitti v. New England Tel. and Tel. Co.*, 909 F.2d 28, 30 (1st Cir.1990); *see also, Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The moving party bears the burden of showing the absence of evidence to support the nonmoving party's position. *Mesnick v. Gen. Elec. Co.*, 950 F.2d 816, 822 (1st Cir.1991). If the moving party has properly supported its position, the burden then shifts to the nonmoving party who must produce sufficient evidence to demonstrate a genuine issue for trial. *Id.* In assessing whether summary judgment is warranted, a reviewing court must view the entire record in the light most favorable to the nonmoving party, indulging all reasonable inferences in the nonmovant's favor. *Id.*

## II. *FACTS AND TRAVEL OF THE CASE*

Most of the material facts are undisputed; where disputes exist, the following recitation reflects those facts in the light most favorable to the Defendants.

At the time of case commencement, the Debtor was the holder of 25 shares of CanAm of Webster, Inc., a closely held corporation. CanAm owned the Property, a lakeside property in Webster, Massachusetts, and derived rental income from the rental of boat slips and marina on the Property. The Debtor acquired a controlling share of CanAm in 1989. On May 14, 1993, the Debtor caused CanAm to issue him a note in the amount of $215,000, in consideration for his prior services to the corporation. This note was secured by a mortgage on the Property, which was recorded on May 21, 1993 (the "1993 Mortgage"). The Debtor then assigned this note to his then wife to be, the defendant Rose Beaulac[1] on July 21, 1997. This assignment was never recorded.

In 1998, CanAm sought financing on the Property. As part of the transaction, the financing bank insisted that the 1993 Mortgage be discharged, so that the bank could hold a first priority lien on the Property. Accordingly, on April 9, 1998, the Debtor issued a discharge of the 1993 mortgage (the "Discharge"). The Discharge was promptly recorded.

Shortly thereafter, on May 9, 1998, the Debtor caused CanAm to grant him the 1998 Mortgage in the amount of $215,000, the same amount as that of the 1993 Mortgage. The Defendants do not claim, and no records show, that the 1998 Mortgage was ever assigned to Rose Beaulac.

Although the 1998 Mortgage was never recorded, the Defendants claim that omission to have been a simple mistake. They say that it was always the intent of the Debtor that, as soon as the financing transaction with the bank was completed, the 1993 Mortgage would be reinstated by the recording of the 1998 Mortgage. According to the Defendants, the 1998 Mortgage was simply an attempt to return the parties to the same position in which they stood under the 1993 Mortgage.

On January 7, 1999, the Debtor filed for relief under Chapter 11 of the Bankruptcy Code. The case was converted to Chapter 7 on November 23, 1999. From the inception of her appointment to the case, the Trustee has sought to vote her shares of CanAm in order to effectuate a sale of the Property. On April 2, 2002, the Trustee submitted for approval a settlement agreement between the Trustee and shareholders of CanAm which allowed for the sale of the Property (the "Settlement"). But, on June 10, 2002, the Defendants recorded both the 1998 Mortgage and the alleged

---

1. At the time, Rose Meehan.

assignment of the 1993 Mortgage to Rose Beaulac. After resolution of various and protracted disputes between the Trustee and the other stockholders of CanAm, the details of which are not relevant here, this Court approved the Settlement on December 10, 2002.

The Property was subsequently sold to a third party. However, because the June 10, 2002 recording of the 1998 Mortgage and the assignment of the 1993 Mortgage remain a cloud on the title of the Property, proceeds of the sale, a substantial portion of which belongs to the estate, are currently held in escrow pending resolution of the present dispute. The Trustee has filed this complaint to determine the validity and effect of the unrecorded 1998 Mortgage and 1993 assignment as an encumbrance on the Property.

## III. *THE POSITION OF THE PARTIES*

The Trustee asserts that the Defendants have failed to assert a valid claim on the Property under both bankruptcy and state law. First, the Trustee contends that there are no outstanding rights, either of the Debtor or of Rose Beaulac, under the 1993 Mortgage for the simple reason that it was discharged. Second, the Trustee contends that, because the purported assignment of the 1993 Mortgage to Rose Beaulac was unrecorded, the Discharge, pursuant to Massachusetts law, also eliminated any interest Rose could possibly claim on the Property. It follows that, to the extent the 1998 Mortgage (unrecorded as of the date of case commencement) is valid, it is property of the estate free and clear of Rose's claim. Finally, the Trustee seeks an order directing the Trustee to discharge the 1998 Mortgage.

The Defendants do not (and indeed cannot) challenge the validity of the Discharge. The Defendants assert, however, that under principles of equity employed by Massachusetts courts, the Discharge should be rescinded as a mistake. They say that, since the 1993 Mortgage was assigned to Rose, it follows that she is the holder of the 1993 Mortgage (which was properly recorded), despite the fact that the assignment was not recorded until June 10, 2002. Accordingly, the Defendants claim that once the Discharge is revoked, Rose stands in a position of priority to the Trustee, as the holder of an earlier recorded mortgage.

The Defendants further maintain that summary judgment is not proper at this juncture of the case because there are genuine issues of material fact regarding the assignment of the 1993 Mortgage to Rose Beaulac. The Defendants assert that there are disputed facts tending to show the validity of the assignment.

## IV. *ANALYSIS*

At the outset, the Court rules that, to the extent the 1998 Mortgage is valid, it is property of the bankruptcy estate pursuant to § 541(a) of the Bankruptcy Code. Section 541 clearly provides that all interests of the debtor as of the commencement of the case are property of the estate. 11 U.S.C. § 541(a) (2000). Accordingly, the 1998 Mortgage became property of the bankruptcy estate upon the filing of the instant bankruptcy case on January 9, 1999. Further, it is axiomatic that there was no force and effect to the postpetition act of recording the 1993 Assignment to Rose Beaulac.

To the extent that the recording of the Assignment on June 10, 2002 was an attempt to place Rose in a higher priority position than she enjoyed vis a vis the Trustee at the time of case commencement, the recording violated both 11 U.S.C. §§ 549 and 362(a)(4) and is therefore void. Accordingly, two questions re-

main: (1) may the Defendants evoke Massachusetts law to rescind the Discharge; and (2) if so, what priority would the Trustee enjoy under the 1993 or 1998 Mortgages against the unrecorded assignment held by defendant Rose Beaulac?

■ Although the 1993 Mortgage to the Debtor was a properly recorded mortgage, that mortgage was effectively terminated and released upon the recording of Discharge. M.G.L.A. c. 183 § 54C (West 2003).[2] Under Massachusetts law, the recording of a mortgage discharge is conclusive evidence of the release of the encumbrance on the mortgaged property. This rule applies even as to assignees of the mortgage, if the assignment was not duly recorded prior to the recording of the mortgage discharge. M.G.L.A. c. 183 § 54 (West 2003).[3] The purported assignment of the 1993 Mortgage to Rose Beaulac was not recorded prior to the recording of the Discharge in 1998. As things presently stand, therefore, the 1998 Mortgage is the sole valid encumbrance on the Property. The Trustee, as the estate representative, is accordingly the only party with a vested interest in the Property.

■ Equity principles grown under Massachusetts law do not change this result. In Massachusetts, it is a well settled principle that "where a mortgage has been discharged by mistake, equity will set the discharge aside and reinstate the mortgage to the position the parties intended it to occupy, where the rights of the intervening lienors have not been affected." *North Easton Co-op. Bank v. MacLean,* 300 Mass. 285, 15 N.E.2d 241, 245 (1938). Massachusetts courts have thus rescinded mortgage discharges to reinstate a mistakenly discharged mortgage, and even to adjust priorities among existing mortgages. *See, e.g., Provident Coop. Bank v. James Talcott, Inc.,* 358 Mass. 180, 260 N.E.2d 903, 908–909 (1970); *East Boston Sav. Bank v. Ogan,* 428 Mass. 327, 701 N.E.2d 331, 334–35 (1998).

■ However, "[a]lmost as important as the general rule, and perhaps almost as frequently applied, is the limitation thereon to the effect that reformation [of mortgages] will not be allowed where the rights of intervening lienors will be adversely affected thereby." *Gen. Builders Supply Co. v. Arlington Coop. Bank,* 359 Mass. 691, 271 N.E.2d 342, 345 (1971). Thus, principles of equity which would otherwise rescind mistaken mortgage discharges do not "bind persons who, without actual notice of such facts, subsequently become purchasers for value of an interest in land." *Id.,* 271 N.E.2d at 346.

■ This is precisely the scenario here. Pursuant to the Trustee's "strong arm" powers under § 544(a)(1) and (3), the Trustee holds all the rights and powers of a judicial lien holder and/or hypothetical bona fide purchaser of the Property under applicable state law, as of the commencement of the case. 11 U.S.C. § 544(a)(1),(3).[4] The Trustee has these

---

**2.** M.G.L.A. c. 183 § 54C states in relevant part:

> The recordation of a discharge duly executed and acknowledged by a mortgagee ... shall constitute a discharge of the mortgage and a release of the lien created by such mortgage on the mortgaged premises.

**3.** M.G.L.A. c. 183 § 54 states in relevant part: The recordation of a duly executed and acknowledged deed or release ... [is] con-

clusive evidence that the mortgage has been discharged notwithstanding the fact that the party signing such instrument may have assigned the note or other evidence of debt to another party, unless such assignment had been duly recorded prior to the instrument discharging the mortgage.

**4.** 11 U.S.C. § 544(a) provides in relevant part:

powers "without regard to any knowledge of the Trustee *or any creditor.*" *Id.* As a judicial lienholder or bona fide purchaser of the Property without knowledge, the Trustee would be prejudiced by a rescission of the discharge and reinstatement of the 1993 Mortgage. *See id.* (holding that the first mortgagee's mistakenly recorded mortgage discharge would not be rescinded as the rights of the second and third priority mortgagees would be prejudiced). Rescission would be particularly prejudicial here given the fact that the Property has been sold to a third party and the post-sale recording of the 1993 Mortgage assignment creates an unexpected and unforeseen cloud in the title of the Property.

This approach is commensurate with other cases from this District which have upheld the rights of the bankruptcy trustee under similar facts and applying Massachusetts law. *See, Collins v. Bank of New England–West, N.A. (In re Daylight Dairy Prod., Inc.),* 125 B.R. 1, 2 (Bankr. D.Mass.1991) (holding that a bank that mistakenly discharged its first priority mortgage on estate property could not seek relief against mistake in light of the trustee's position as a bona fide purchaser).

■ Finally, even if the Court were to find that equitable principles dictated rescission of the Discharge, under Massachusetts law, an unrecorded assignment of interest in real property is not valid as to parties without actual knowledge of the assignment. M.G.L.A. c. 183 § 4 (West 2003).[5] Pursuant to § 544(a)(1) and (3), the Trustee stands in the shoes of a judicial lienholder and bona fide purchaser of the Property, as of the commencement of the case and without knowledge of the unrecorded assignment. As such, any interest that Rose Beaulac could claim by virtue of an assignment of the 1993 Mortgage recorded thereafter would have to cede to the Trustee's rights. *Accord, Gray v. Burke (In re Coletta Bros. of North Quincy, Inc.),* 172 B.R. 159, 162–63 (Bankr.D.Mass.1994) (holding that an unrecorded judgment partitioning land would not be upheld given the trustee's position as a bona fide purchaser where Massachusetts law would not validate the unrecorded judgment).

## V.  *CONCLUSION*

For the reasons set forth above, the Court grants summary judgment to the Trustee and holds that 1) the 1998 Mortgage is property of the estate pursuant to

The Trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;

. . .

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

**5.** M.G.L.A. c. 183 § 4 provides in relevant part:

A conveyance of an estate in fee simple . . . or an assignment of rents or profits from an estate or lease, shall not be valid as against any person, except the grantor or lessor, his heirs devisees and persons having actual notice of it . . . unless it . . . is recorded in the registry of deeds for the county or district in which the land to which it relates lies.

§ 541(a) and the Trustee is free to discharge that Mortgage; 2) the discharge of the 1993 Mortgage will not be rescinded; and 3) Defendant Rose Beaulac has no claim to any proceeds of the sale of the Property by virtue of the 1993 Mortgage or any assignment thereof.

A Judgment in conformance with this Memorandum of Decision shall issue in conjunction herewith.

## JUDGMENT

For the reasons set forth in the Memorandum of Decision of even date, it is hereby ORDERED, ADJUDGED and DECREED that:

1. The mortgage issued by CanAm of Webster, Inc. to the Defendant, Roland L. Beaulac, dated April 8, 1998 (the "1998 Mortgage"), on a parcel of commercial real property located in Webster, MA (the "Property"), is property of the estate pursuant to 11 U.S.C. § 541(a);

2. The Plaintiff, Tali Tomsic, as Chapter 7 trustee in bankruptcy, is free to discharge the 1998 Mortgage;

3. The recording of a discharge, dated April 9, 1998, of a prior mortgage on the Property dated May 14, 1993 (the "1993 Mortgage"), issued by CanAm of Webster, Inc. to the Defendant Roland L. Beaulac, will not be rescinded; and

4. Defendant, Rose A. Beaulac, has no claim to any proceeds of the sale of the Property by virtue of her purported unrecorded assignment of the 1993 Mortgage or otherwise.