In re Marian F. GOLEMO, Debtor.

Joseph H. Baldiga, Chapter
7 Trustee, Plaintiff,

v.

Danuta E. Golemo, Defendant.

Bankruptcy No. 11–43196–HJB.
Adversary No. 12–04017.

United States Bankruptcy Court,
D. Massachusetts,
Central Division.

June 6, 2013.

Joseph H. Baldiga, Paul W. Carey, Kate P. Foley, Mirick, O'Connell, DeMallie & Lougee, Westborough, MA, for Plaintiff.

Stephan M. Rodolakis, Fletcher Tilton & Whipple, P.C., Worcester, MA, for Defendant.

### MEMORANDUM OF DECISION

HENRY J. BOROFF, Bankruptcy Judge.

Before the Court is the "Trustee's Motion for Partial Summary Judgment," filed by Joseph H. Baldiga, the Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Marian F. Golemo (the "Debtor"). Through this adversary proceeding, the Trustee seeks authorization to sell certain real estate owned by the Debtor and the Debtor's former spouse, Danuta Golemo ("Ms. Golemo" or the "Defendant"), free and clear of liens, pursuant to 11 U.S.C. 363(h).[1] But Ms. Golemo claims that the Debtor's interests in the subject properties were conveyed to her several years ago incident to a divorce proceeding. Accordingly, as his first step, the Trustee seeks to avoid those conveyances, employing the tools provided to him by 11 U.S.C. §§ 544(a)(3) and 551. And the Trustee contends that the Court may provide that relief to him at this early stage because there are no genuine issues of material fact and he is entitled to judgment as a matter of law.

### I. FACTS AND TRAVEL OF THE CASE

Indeed, the relevant facts are neither in dispute nor complex. On July 27, 2011,

---

1. All references to the "Bankruptcy Code" or to Code sections are to the Bankruptcy Code unless otherwise specified, 11 U.S.C. §§ 101 *et seq.;* all references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure.

certain creditors of the Debtor filed an involuntary petition for relief against him under Chapter 7 of the Bankruptcy Code. On September 8, 2011, the Court entered an Order for Relief in the Debtor's bankruptcy case; the Trustee was appointed the following day.

Upon his investigation into the Debtor's financial affairs, the Trustee learned that Ms. Golemo had obtained a final (Absolute) Judgment of Divorce against the Debtor on April 30, 1998 (the "Divorce Decree"), issued by the Worcester Division of the Massachusetts Probate and Family Court (the "Probate Court"). The Divorce Decree, *inter alia*, ordered the Debtor to transfer to Ms. Golemo all of his interest in real estate located at 2 Dunanderry Way, Paxton, MA; 35–45 Millbury St., Worcester, MA; 76 Millbury St., Worcester, MA; and 124 Endicott St., Worcester, MA (the "Properties"),[2] then held as tenants by the entirety. And the Divorce Decree further provided with respect to the Debtor's interests in the Properties:

> 3. If Marian F. Golemo shall fail to execute such deeds on or before April 15, 1998, then pursuant to Mass.R.Dom. Rel.P. 70, Marian F. Golemo is, as of such date, divested of his title to the above referenced properties and Danuta E. Golemo is vested with such title as well as her own; [sic]
>
> 4. Pursuant to G.L. c. 183, § 43, Danuta E. Golemo is authorized to record a certified copy of this judgment with the Registry of Deeds and that shall operate to vest title in the above referenced properties in Danuta E. Golemo as fully and completely as if the deed from Marian F. Golemo had been duly executed and recorded.

The Debtor never deeded the Properties to Ms. Golemo. And neither the Debtor nor Ms. Golemo recorded the Divorce Decree with the Registry of Deeds of Worcester County (the "Registry of Deeds") where the Properties were located.[3]

The Trustee commenced the instant adversary proceeding on February 17, 2012 seeking, *inter alia*, to sell the Debtor's interests in the Properties free and clear of all liens, claims and encumbrances as well as any ownership interest held by Ms. Golemo. Ms. Golemo has opposed on the grounds that she owns the Properties free and clear of any claim of the Trustee.

## II. POSITIONS OF THE PARTIES

The Trustee contends that, because neither the Debtor nor Ms. Golemo recorded the Divorce Decree with the Registry of Deeds before the entry of the Order for Relief in this case, he may avoid the transfers ordered in the Divorce Decree, pursuant to §§ 544(a)(3) and 551. He maintains that, as matter of Massachusetts state law,

---

**2.** It is undisputed that the Debtor and Ms. Golemo owned each of the Properties as tenants by the entirety. None of the Properties are listed in the Debtor's bankruptcy schedules.

**3.** It is not clear why the Probate Court adopted these vesting alternatives, one placing title in Ms. Golemo if she did nothing and the other if she recorded the Divorce Decree. The Court presumes that the alternatives grow out of the Probate Court's experience with spouses failing to follow up with the recording of deeds following the divorce proceedings and constitute an attempt to divest the grantor spouse from an interest in the subject property, even in the absence of a recording with the Registry (the recording occurring presumably at some future date in connection with a disposition of the property). However, as discussed below, while Ms. Golemo's failure to record the deeds had no impact on the transfer of rights to her from the Debtor, it had a significant impact on her rights against the Debtor's creditors now represented by the Trustee.

Ms. Golemo's failure to record the Divorce Decree would have permitted a bona fide purchaser of the Properties from the Debtor without notice of the purported transfers to obtain an interest in them superior to the interests which Ms. Golemo acquired from the Debtor. And because the Bankruptcy Code confers on the Trustee the status of such a hypothetical bona fide purchaser, pursuant to § 544(a)(3), the Court should allow him to use that status to avoid the transfers set forth in the Divorce Decree and, pursuant to § 551, employ the value of the Debtor's interests in the Properties for the benefit of the creditors of the Debtor's bankruptcy estate.

Ms. Golemo argues that the Trustee cannot take advantage of § 544(a)(3) because any purchaser of the Debtor's interests in the Properties would have had actual notice of the transfers set forth in the Divorce Decree. She reasons that any purchaser of the Debtor's interests would have necessarily inquired as to the disposition of his spouse's interest, inasmuch as the Properties were held as tenants by the entirety. That inquiry, Ms. Golemo says, would have necessarily led the purchaser to the Divorce Decree which can be found in the Probate Court records. Furthermore, Ms. Golemo contends that such a purchaser would have also gained knowledge of her exclusive interest in the Properties by dint of her long time exclusive possession and control of the Properties.

## III. DISCUSSION

### A. The Summary Judgment Standard

This Court recently reviewed the well-settled standard for summary judgment in

Lopez v. Mortgage Electronic Registration Systems, Inc. (In re Lopez): " 'Only if the moving party can show "that there is no genuine dispute as to any material fact" and that it is entitled to judgment as a matter of law' will it succeed on its motion for summary judgment.' " 486 B.R. 221, 227–228 (Bankr.D.Mass.2013) (quoting OneBeacon America Ins. Co. v. Commercial Union Assur. Co. of Canada, 684 F.3d 237, 241 (1st Cir.2012) (quoting Fed.R.Civ.P. 56(a))).[4] Because the Court finds that no triable issue of fact exists in this case—because no material fact is disputed—the Court reaches its conclusions as a matter of law.

### B. The Trustee's Avoidance Powers

A bankruptcy estate is created the moment a bankruptcy case is filed. See 11 U.S.C. § 541(a). That estate is comprised of all of the "legal or equitable interests of the debtor in property as of the commencement of the case," 11 U.S.C. § 541(a)(1), as well as, inter alia, "[a]ny interest in property preserved for the benefit of or ordered transferred to the estate under section 510(c) or 551 of this title." § 541(a)(4). Section 551 preserves for the benefit of the estate, "[a]ny transfer avoided under section 522, 544, 547, 548, 549, or 724(a) of this title, or any lien void under section 506(d) of this title." § 551. These "strong-arm powers" give the trustee the right to avoid certain unperfected liens and recover certain prepetition transfers of the debtor's property. Here, the Trustee seeks to avoid under § 544(a)(3) purported transfers of the Debtor's interests in the Properties to Ms. Golemo pursuant to the Divorce Decree.[5] Section 544(a)(3) provides that,

4. Fed.R.Civ.P. 56(a) is made applicable to this adversary proceeding by Fed. R. Bankr.P. 7056.

5. The Trustee has also sought avoidance of the subject transfers under § 544(a)(1), which provides him with the status of a hypothetical judicial lien creditor at the time of case com-

(a) The trustee shall have, as of the commencement of the case, and without regard to **any knowledge** of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a)(3) (emphasis supplied). "Pursuant to this section, the Trustee holds the assets of the estate not as the Debtor held them but with the rights and powers of a hypothetical bona fide purchaser who acquired those assets from the Debtor ... regardless of any actual notice he or any creditor may have had." In *Coletta Bros. of North Quincy, Inc.* 172 B.R. 159, 162 (Bankr.D.Mass.1994).

██ However, the "rights and powers" of the bona fide purchaser contemplated by § 544(a)(3) are defined by state law, which in this case is the law of the Commonwealth of Massachusetts. *Id.; see also In re Pina,* 363 B.R. 314, 322 (Bankr.D.Mass.2007) (citing *Barnhill v. Johnson,* 503 U.S. 393, 398, 112 S.Ct. 1386, 118 L.Ed.2d 39 (1992); *Butner v. United States,* 440 U.S. 48, 54–55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979)). And so, while § 544(a)(3) liberally grants the Trustee bona fide purchaser status "without regard to **any knowledge**" of the Divorce Decree, it does not "give the [T]rustee any greater rights than he, or any person, would have as a bona fide purchaser or lien creditor under applicable state law." *Perrino v. BAC Home Loans Servicing, LP (In re Trask),* 462 B.R. 268, 273 (1st Cir. BAP 2011). Nor does it "override state recording statutes or permit avoidance of any interest of which a trustee would have had *constructive* notice under state law." *Id.* (emphasis supplied).

Massachusetts General Laws, ch. 183, § 4 (hereinafter the Massachusetts Recording Statute), which governs the recording of real estate interests, provides in pertinent part:

> A conveyance of an estate ... shall not be valid as against any person, except the grantor or lessor, his heirs and devisees and persons have **actual notice** of it, unless it ... is recorded in the registry of deeds for the county or district in which the land to which it relates lies.

Mass. Gen. Laws ch. 183, § 4 (emphasis supplied). The statute which governs the recording of divorce decrees and the like affecting real property in Massachusetts mirrors the Massachusetts Recording Statute:

> A judgment or decree, at law or in equity, rendered after June eighth, eighteen hundred and ninety-two, affecting the title to real property, shall not have any effect except the against the parties thereto, their heirs and devisees and persons having **actual notice** thereof, unless a certified copy of the record thereof has been recorded in the registry of deeds for the county or district where the land lies, with a memorandum of the town where the land lies and a description thereof sufficiently accurate for identification if the record of the

---

mencement. The Trustee has not emphasized his § 544(a)(1) status in the instant motion. Ms. Golemo claims that they have been waived; the Trustee disagrees. But the Court need not reach that question, as the Trustee has all of the rights he needs under § 544(a)(3).

judgment or decree does not give those particulars.

Mass. Gen. Laws ch. 184, § 17 (emphasis supplied). Accordingly, while the unrecorded Divorce Decree was effective in dissolving the marriage between the Debtor and Ms. Golemo, it is not effective as a conveyance of the Debtor's interests in the Properties to Ms. Golemo as against third parties without notice.

Notice generally comes in two flavors: actual and constructive. Section 543(a)(3) unequivocally shelters a trustee with "actual knowledge" from preclusion of bona fide purchaser status. Less clear is how "constructive notice" affects the trustee's ability to employ his strong-arm powers under that section. Relying heavily on 5 H. Tiffany, *Law of Real Property* § 1284 (B. Jones ed. 1939), the First Circuit Court of Appeals in *Stern v. Continental Assurance Co. (In re Ryan)*, 851 F.2d 502, 506 (1st Cir.1988), reviewed the notice classification scheme:

> Separating notice into two main types, actual and constructive, the treatise continues,
>
>> It would seem that one might properly be said to have actual notice when he has information in regard to a fact, or information as to circumstances an investigation of which would lead him to information of such fact, while he might be said to have *constructive notice* when he is charged with notice by a statute or rule of law, irrespective of any information which he might have, actual notice thus involving a mental operation on the person sought to be charged, and *constructive notice* being independent of any mental operation on his part.
>
> 5 Tiffany's Real Property § 1284, at 50. Thus "constructive notice" is not really "notice," as that word is commonly used, at all. Instead, constructive notice is a

positive rule of state law that permits the prior purchaser to gain priority over a latter purchaser, regardless of whether the latter purchaser really knows of the prior purchase. Constructive notice is an essential element of the land recording system: if a deed is properly recorded, all future purchasers have constructive notice of the deed. *See* 4 *American Law of Property* § 17.17. A purchaser, therefore, can protect his interest by the act of recording his deed of purchase. To clarify, we present three examples of actual and constructive notice: 1)[sic] a subsequent purchaser has actual notice when he knows of the existence of a prior, unrecorded deed, *Gilchrist v. Van Dyke*, 63 Vt. 76, 21 A. 1099 (1890); he has constructive notice (whether or not he has actual knowledge) of a prior deed if that deed is properly recorded, *Tomasi v. Kelley*, 100 Vt. 318, 322, 137 A. 196 (1927); and he has both actual and constructive notice if he knows of the existence of a properly recorded deed.

*In re Ryan*, 851 F.2d at 506–507.

 Ms. Golemo says the Trustee's actual knowledge of her interest in the Properties nevertheless takes him outside the protections of the Massachusetts Recording Statute. Because it is now well-settled that a trustee's "actual knowledge" does not in fact preclude him from bona fide purchaser status, the Court assumes that she refers to her argument that any bona fide purchaser of the Debtor's interests in the Properties would have inquired as to the marital status of the Debtor and this inquiry would have led to the Divorce Decree. If Ms. Golemo was in fact referring to "inquiry notice," a "species of actual notice[,]" it too "does not bind the trustee." *In re Mammola*, 474 B.R. 23, 31 (Bankr.D.Mass.2012) (citing *Gray v. Burke (In re Coletta Bros. of N. Quincy, Inc.)*,

172 B.R. 159, 163 (Bankr.D.Mass.1994)). Indeed,

> Massachusetts law does not recognize inquiry notice of unrecorded deeds or mortgages. In Massachusetts, an unrecorded deed or mortgage is valid only against the grantor, his heirs and devisees and "persons have actual notice of it." Mass. Gen. L. ch. 183, § 4. The phrase "actual notice" is interpreted by the Massachusetts courts to exclude inquiry notice even when there is a reference to a party's property interest in the records which should be examined in a title search.[6]

*In re Mammola*, 474 B.R. at 31. If on the other hand, Ms. Golemo argues that any bona fide purchaser would have searched the Probate Court records for the Divorce Decree and should have been charged with "constructive notice," the First Circuit has explained that " 'constructive notice' is not really notice", as that phase is commonly used, at all, but is rather "an essential element of the land recording system: if a deed is properly recorded, all future purchasers have constructive knowledge of the deed." *In re Ryan*, 851 F.2d at 506 (citing 4 *American Law of Property* § 17.17). The Massachusetts Recording Statute governs land recordation. And the Massachusetts Recording Statute states that to properly record a conveyance of an estate or interest therein, it must be recorded "in the registry of deeds for the county or district in which the land to which it relates lies." Mass. Gen. Laws ch. 183, § 4.

■ Neither the Debtor nor Ms. Golemo recorded the Divorce Decree with the Registry of Deeds, and the records of the Probate Court are not a recognized equivalent. In fact, "the Massachusetts Supreme Judicial Court (the 'SJC') has held that purchasers are not required to examine files or indices extraneous to the official records, even if available at the registry of deeds." *Ostrander v. Brown (In re Housey)*, 409 B.R. 611, 620–21 (Bankr. D.Mass.2009) (citing *Assessors of Boston v. John Hancock Mut. Life Ins. Co.*, 323 Mass. 242, 81 N.E.2d 366, 369 (1948)). If the SJC has held that a purchaser need not "examine files or indices extraneous to the official records, even if available at the registry of deeds", then certainly such a purchaser need not examine records in another registry.

■ Finally, Ms. Golemo's contention that her long time exclusive possession and control of the Properties would have constituted some form of "constructive notice" to the Trustee of her exclusive interest in the Properties is without merit. Even were Massachusetts law not insistent that constructive notice of transfers can come only from the records at the Registry of Deeds, Ms. Golemo's argument that her possession and control of the Properties prove constructive notice of the subject transfers must fail. Ms. Golemo herself has attested that her possession and control of the Properties after the 1998 Divorce Decree was in no way publicly inconsistent with the possession and control of the Properties in the approximately four years immediately prior to the Divorce Decree:

> 3. In 1994, while we were still married, the Debtor and I owned and managed the properties which are the subject of this adversary proceeding
>
> . . .
>
> . . . .

---

6. While inquiry notice is "[a] term sometimes used as a third and distinct type of notice," the First Circuit, "do[es] not believe 'inquiry notice' is a type of notice separate from 'actual' or 'constructive' notice. Rather it is a corollary of both types." *In re Ryan*, 851 F.2d at 507 (citations omitted).

5. The Debtor has had absolutely no involvement with the Properties since 1994 and, upon information and belief, has not been in the general vicinity of the Properties since that time.

Affidavit of Danuta E. Golemo, ECF No. 40.

## IV. CONCLUSION

Because the Trustee fits squarely within the status conferred upon him by § 544(a)(3)(and, therefore, is able to take advantage of the rights conferred by § 551), the Court will grant summary judgment on Count I of the Complaint in favor of the Trustee. An order in conformity with this Memorandum shall issue forthwith.